FILED
DEC 21 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| v. | ) Criminal Action No. 94-43 (TFH) |
| DANA ANDRE TINNEN, | ) |
| Defendant/Movant. | ) |

## MEMORANDUM OPINION

Defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In response, the United States moves to transfer the case to the jurisdiction where defendant is confined, the District of Maryland.

Defendant's motion alleges that on September 22, 1995, in United States District Court, he was sentenced to 12 months imprisonment. Following the service of eight months of this sentence, defendant was transferred to the custody of the District of Columbia for prosecution on a manslaughter charge. On March 7, 1997, the Superior Court of the District of Columbia sentenced defendant to an imprisonment term of five to fifteen years.

Because defendant had not completed his District Court sentence prior to being released to the custody of the District of Columbia, the United States Marshals Service lodged a detainer against defendant. In his motion, defendant requests that the Court remove the detainer to enable him to complete his District Court sentence before serving the remainder of his sentence for manslaughter. He alleges that the detainer has resulted in the miscalculation of his sentence and retarded his halfway house eligibility date.

The United States contends that the Court should construe defendant's motion as



one for habeas relief. Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1073 (D.C. Cir. 2001). In his motion, defendant is essentially challenging an adverse calculation of his sentence. Since defendant's claim, if successful, would result in the reduction of his sentence, he can only seek relief through a habeas petition. *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 374-76 (D.C. Cir. 2000).

Habeas corpus jurisdiction resides only in the district court where the prisoner is incarcerated. *Padilla v. Rumsfeld*, 542 U.S. 426, 443 (2004). The warden where the prisoner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir.), *cert. denied*, 125 S.Ct. 448 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Defendant is currently incarcerated in Annapolis Junction, Maryland. This Court, therefore, lacks jurisdiction over this matter. The United States' motion will be granted and the case transferred to the District of Maryland.

A separate order accompanies this Memorandum Opinion.

THOMAS F. HOGAN
Chief Judge

DATE: 12/20/05